**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRADLEY LAYNE ROBERTS,
Plaintiff

Case No. 1:11-cv-337
Weber, J.

vs

VICTORIA SMITH,
Defendants

**REPORT**
**AND RECOMMENDATION**

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual

basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff alleges that defendant Victoria Smith of the Bureau of Sentencing Computation breached the plea agreement/contract that plaintiff made with the State of Ohio by incorrectly running the two year sentence he received for a Clark County, Ohio conviction with a one year sentence he received in a Butler County, Ohio conviction. He alleges the defendant also breached the plea agreement in his Butler County conviction by running that sentence consecutively with the five to twenty-five year prison term he received for aggravated robbery. Plaintiff states he made the defendant aware of the mistake, but the defendant has failed to take any corrective action. As relief, plaintiff seeks an injunction "mandating specific performance of the plea-agreement/contract terms" and $350.00 to compensate him for the filing fee in this action.

Plaintiff has no right to relief under 42 U.S.C. § 1983 since a ruling in his favor would necessarily cast doubt on his state court conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). Under *Heck v. Humphrey*, when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into

question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

In this case, the complaint alleges that defendant, a state official, is in breach of contract for violating the provisions set forth in plaintiff's plea agreement. A judgment in favor of plaintiff in this action would necessarily imply that his state court conviction or sentence is invalid. However, plaintiff has not alleged any facts showing his conviction or sentence has been invalidated by a federal or state court or other appropriate tribunal. Since plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action against defendant Smith. *Id*.

To the extent plaintiff seeks relief in the form of an injunction geared towards a speedier release from imprisonment through the correction of his sentence, his sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985). Plaintiff may not pursue habeas corpus relief through a civil rights action. Plaintiff is directed to file a petition for a writ of habeas corpus after he has exhausted his state court remedies. *Hadley,* 753 F.2d at 516.

Finally, even if the court construed plaintiff's claim as one asserting a state law claim for breach of contract, this Court lacks subject matter jurisdiction over such claim because both plaintiff and defendant are Ohio citizens and the complaint fails to allege the requisite amount in controversy for purposes of the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**IT IS THEREFORE RECOMMENDED:**

1. Plaintiff's complaint should be **DISMISSED** because it fails to state a claim upon which relief may be granted.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/26/2011

s/Karen L. Litkovitz
Karen L. Litkovitz, Magistrate Judge
United States District Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRADLEY LAYNE ROBERTS,
Plaintiff

Case No. 1:11-cv-337
Weber, J.

vs

VICTORIA SMITH,
Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).